UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JADE WINDS ASSOCIATION, INC.                           Case No. 15-17570-RAM

    Debtor.                                                                   Chapter 11
_____/

## MOTION TO ADMINISTRATIVELY CLOSE MAIN BANKRUPTCY CASE

Reorganized Debtor Jade Winds Association, Inc. ("Jade Winds") by and through its undersigned counsel and pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022, hereby requests that the Court administratively close the above-captioned bankruptcy case pending disposition of Adversary Proceeding No. 17-01393-RAM (the "Adversary Proceeding"). In support, Jade Winds States as follows:

## FACTS

1.   On April 27, 2015, Jade Winds filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, thereby initiating this case.

2.   On August 21, 2016, the Court confirmed Jade Winds' plan of reorganization. ECF No. 711.

3.   Jade Winds was responsible for making all distributions under the confirmed plan except for certain periodic payments to general unsecured creditors holding allowed Class 15 claims. For such claims, a Plan Administrator was responsible for making payments.

4.   On May 18, 2017, the Court granted Jade Winds' request to effectuate an early payoff of all allowed claims under the plan. ECF No. 823.

5.   Except for Claim No. 26, which is the $156,796.21 general unsecured claim of First Service Residential Florida, Inc. ("First Service"), as well as claims for which disbursement

{1982/000/00371854}

checks have been returned to the Plan Administrator[1], all allowed claims have been paid pursuant to the plan and the order granting the motion for early plan payoff.  As to Claim No. 26, the Plan Administrator continues to hold the funds necessary to pay such claim.

6.      On October 2, 2017, Jade Winds filed an adversary complaint against First Service, thereby initiating the Adversary Proceeding.  In its adversary complaint, Jade Winds reiterates its objection to First Service's claim, and seeks monetary relief.  The parties have since been litigating the Adversary Proceeding, including the litigation of First Service's motion to dismiss, which the Court ultimately denied. ECF No. 28.

7.      On September 10, 2018, the Court entered its *Amended Order Setting Pretrial Deadlines* [Adversary Proceeding 17-01393-RAM, ECF No. 105] wherein the Court has set numerous pretrial deadlines for the Adversary Proceeding, the latest of which is the May 22, 2019 deadline for the parties to file a joint pretrial stipulation.

8.      While the Adversary Proceeding has been and continues to remain active, no action has occurred in the main bankruptcy case since an order was entered on July 2, 2018 amending a previous stay relief order.  Moreover, while the undersigned counsel has continued to field inquiries from various persons and entities regarding the events occurred during the bankruptcy case, since July 2018, none have necessitated seeking any request for relief from the Court in the main case.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

9.      Through this motion, Jade Winds requests that the Court administratively close this bankruptcy case as provided for in Bankruptcy Rule 3022.

---

[1] The undersigned counsel has been working with the Plan Administrator's staff to obtain updated addresses for the intended recipients of such returned checks.

{1982/000/00371854}                                2

10.     Section 350(a) of the Bankruptcy Code provides that the Court shall close the bankruptcy case after an estate has been fully administered. 11 U.S.C. § 350(a).  In determining whether an estate has been fully administered, courts consider the following factors:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*In re Union Home and Industrial, Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (quoting Federal Rule of Procedure 3022 Advisory Committee Note from 1991).  "The factors listed [above] are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered." *In re Union Home*, 375 B.R. at 917.  Completion of all plan payments is not a prerequisite of full administration, *Matter of David Allen Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009), nor is the pendency of an unresolved adversary proceeding. *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998); *see also In re Union Home*, 375 B.R. at 918.  Closure of Jade Winds' main bankruptcy case will not divest the Court of jurisdiction over the Adversary Proceeding. *In re JMP-Newcor International, Inc.*, 225 B.R. 465.

11.     Applying the six factors above, Jade Winds' bankruptcy case is fully administered.  The confirmed plan of reorganization is final, all plan payments have been made except for any payment on account of First Service's disputed claim, all estate property has been vested in Jade Winds (the reorganized debtor), which has assumed the administration of the debtor's business, no motions except for instant motion are pending, and the only contested matter or adversary proceeding consists of the single Adversary Proceeding discussed above.

12. Accordingly, the Debtor's main bankruptcy case has been fully administered and is now fully ripe for closure pending disposition of the Adversary Proceeding.

13. A proposed order granting this motion is attached hereto as Exhibit A.

**WHEREFORE**, the Reorganized respectfully requests that the Court enter an order: (a) administratively closing the above-captioned main bankruptcy case; (b) retaining jurisdiction over the Adversary Proceeding; and (c) permitting the main bankruptcy case to be re-opened upon the motion of any interested party without the necessity of a filing fee.

Respectfully Submitted:

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Reorganized Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  */s/ Eric Pendergraft*
      Eric Pendergraft
      Florida Bar No. 91927
      ependergraft@slp.law

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on October 11, 2018.

      */s/ Eric Pendergraft*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JADE WINDS ASSOCIATION, INC.                    Chapter 11

    Debtor.                                    Case No.: 15-17570-RAM

_____/

### ORDER ADMINISTRATIVELY CLOSING CASE

**THIS MATTER** came before the Court for hearing upon the *Motion to Administratively Close Main Bankruptcy Case* [ECF No. __] (the "Motion") filed by Reorganized Debtor Jade Winds Association, Inc. ("Jade Winds").

Having reviewed the Motion, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1.     The Motion [ECF No. ___] is GRANTED.

2.     This bankruptcy case shall be closed upon entry of this Order and the filing of a certificate of service of the same, without prejudice to any party in interest filing a motion to reopen this case.

{1982/000/00364123}

        3.      Any Clerk of Court fees associated with the filing of a motion to reopen shall be waived.

        4.      The Court retains jurisdiction over Adversary Proceeding No. 17-01393-RAM, and further retains jurisdiction to enforce any and all terms of *Jade Winds Association, Inc.'s Second Amended Chapter 11 Plan of Organization* and the order confirming the same.

###

Submitted by:

Eric Pendergraft, Esq.
SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for the Reorganized Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email: ependergraft@slp.law

*Eric Pendergraft, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court*

{1982/000/00364123}