UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JADE WINDS ASSOCIATION, INC.                    Case No. 15-17570-RAM

    Debtor.                                                                  Chapter 11
_____/

**MOTION TO APPROVE: (I) DISBURSEMENT OF UNCLAIMED FUNDS
AND (II) FINAL PAYMENT AND DISCHARGE OF PLAN ADMINISTRATOR**

\*\*\*

**Attention: This Motion Pertains to Unclaimed Estate Funds.  Please Read It Carefully,
as It May Affect Your Rights If You Are a Creditor Listed on Pages 2 Through 7.**

Reorganized Debtor Jade Winds Association, Inc. ("Jade Winds") by and through its undersigned counsel, hereby requests that the Court approve: (I) the Plan Administrator's disbursement of net unclaimed estate funds back to Jade Winds, and (II) the final payment to, and discharge of, the Plan Administrator.  In support, Jade Winds states as follows:

    1.    On April 27, 2015, Jade Winds filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, thereby initiating this case.

    2.    On August 21, 2016, the Court confirmed Jade Winds' plan of reorganization (the "Plan"). ECF No. 711.

    3.    Pursuant to the Plan, Plan Administrator Leslie Osborne, Esq. was originally responsible for making all payments to holders of allowed classified claims.  The Plan was subsequently modified to provide that the Plan Administrator is only responsible for making periodic payments to holders of Class 15 general unsecured claims. ECF No. 770.  Pursuant to Paragraph 8 of the Court's Confirmation Order, the Plan Administrator is entitled to

compensation of 3% of the total monthly disbursements to holders of Class 15 allowed general unsecured claims receiving periodic payments.

4.      On May 18, 2017, the Court approved the Debtor's motion requesting approval of an early Plan payoff and authorized the Plan Administrator to act as the disbursing agent to accomplish this. ECF No. 823.  Except as set forth below, all funds required to be disbursed pursuant to such early Plan payoff have been disbursed.

5.      As to Claim No. 26, a $156,796.21 Class 15 disputed general unsecured claim held by First Service Residential Florida, Inc. ("First Service"), the Plan Administrator was, until recently, holding such funds in the Disputed Claims Reserve established by the Plan.  As part of the settlement Jade Winds reached with First Service, on June 21, 2019, the Court approved the Plan Administrator's disbursement of such funds to First Service in the amount of $66,000 and Jade Winds in the remaining amount of $90,796.21. ECF No. 877.

6.      Having disbursed the First Service claim funds, the Plan Administrator is still holding $105,770.50 in unclaimed funds (the "Unclaimed Funds").  The Unclaimed Funds are attributable as follows:

> a.      **$63,260.95** - **Miami-Dade Water and Sewer Department**, which previously filed Claim No. 7-1 in this case which listed its address as **Attn: Collection Branch/Bankruptcy Unit, P.O. Box 149089, Coral Gables, Florida 33114**, and which claim was classified as a Class 15 allowed general unsecured claim;
>
> b.      **$2,064.66** - **C. Bautista**, whose last known address is **1770 NE 191st Street, Unit 602, North Miami Beach, FL 33179-5247**, who was listed

as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

c. **$1,032.33** - **D-509**, whose last known address is **1750 NE 191st Street, Unit 509, North Miami Beach, FL 33179-4249**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

d. **$1,032.33** - **J. Sanchez**, whose last known address is **1770 NE 191st Street, Unit 810, North Miami Beach, FL 33179-4220**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

e. **$2,064.66** - **John Whitmore**, whose last known address is **31074 W Horatio St., #1413, Tampa, FL 33609**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

f. **$1,032.33** - **Ksenia Kurova**, whose last known address is **1690 NE 191st Street, Unit 112, North Miami Beach, FL 33179-4126**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

g. **$1,032.33** - **M. Garcia**, whose last known address is **1770 NE 191st Street, Unit 812, North Miami Beach, FL 33179-4220**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

h.  **$2,064.66** - **Mario Alfonso Pinzon Salamanca**, whose last known address is **Calle 66, 12-03 Chapinero Cundinamarca, Bogota, Columbia**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

i.  **$2,064.66** - **Olesja Shatkhin**, whose last known address is **1660 NE 191st St. #300, North Miami Beach, FL 33179**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

j.  **$2,064.66** - **T. Haghayegh**, whose last known address is **1690 Northeast 191st St., Unit 400, North Miami Beach, FL 33179-4192**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

k.  **$2,064.66** - **Pena Group**, whose last known address is **The Pena Group Corporation, 3731 North Country Club Dr. #1229, Aventura, FL 33180**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

l.  **$3,096.99** - **T. Vallegos**, whose last known address is **1690 NE 191st Street, Unit 207, North Miami Beach, FL 33179-4127**, who was listed as a creditor on Jade Winds' schedules, and whose two claims were classified as a Class 14 allowed unsecured priority security deposit claims;

m. **$1,032.33** - **Veronica Roxana Mar**, whose last known address is **1710 NE 191st Street, Unit 301, North Miami Beach, FL 33179-4203**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

n. **$2,064.66** - **Victoria Orlova**, whose last known address is **1680 Northeast 191st St. Apt 406, Miami, FL 33179-4189**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

o. **$2,064.66** - **Yalerii A. Nesteroy**, whose last known address is **1670 NE 191st Street, Unit 100, North Miami Beach, FL 33179-4119**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

p. **$1,751.22** - **Crystal Novoa**, whose last known address is **1710 NE 191st Street, Unit 110, North Miami Beach, FL 33179-420**1, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

q. **$1,751.22** - **Double Investments**, whose last known address is **1630 NE 27th Ave., Miami, FL, 33125**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

r. **$1,751.22** - **Four Princess Group, Inc.**, whose last known address is **6191 Orange Drive, #6167, Davie, FL 3314-3454**, who was listed as a

creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

s. **$1,751.22** - **H. Gonzalez**, whose last known address is **1900 North Bayshore Drive, Suite 204A, Miami, FL 33132**, who was listed as a creditor on Jade Winds' schedules, and whose claim was classified as a Class 14 allowed unsecured priority security deposit claim;

t. **$1,032.33** - **Jonathan Bonilla**, whose last known address is **1660 NE 191st Street, Unit 109, North Miami Beach, FL 33179-4118**, who Jade Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim;

u. **$2,064.66** - **Martha Nguyen**, whose last known address is **1660 NE 191st Street, Unit 305, North Miami Beach, FL 33179-4179**, who Jade Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim;

v. **$2,064.66** - **O. Tunjano**, whose last known address is **1660 NE 191st Street, Unit 305, North Miami Beach, FL 33179-4179**, who Jade Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim;

w. **$2,064.66** - **Robert Martinez and Christine Rosakranse**, whose last known address is **PO BOX 20244, Stanford, CA 94309-0244**, who Jade

        Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim;

    x.    **$1,751.22**  -  **Andrey Savchenko**, whose last known address is **250 501, Sunny Isles Beach, FL 33160**, who Jade Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim; and

    y.    **$1,751.22**  -  **Alberto Colombano**, whose last known address is **1741 SE 16E Ave., Miami, FL 33035**, who Jade Winds listed on its Disclosure Statement [ECF No. 599] as the holder of an unscheduled claim, and whose claim was classified as Class 14 allowed unsecured priority security deposit claim.

7.    The Plan Administrator's attempts to pay the aforementioned claimants have been met with uncashed and/or returned checks.  Jade Winds and the undersigned counsel have each attempted to contact the holders of unclaimed funds, and when successful, such attempts have resulted in payment and the narrowing of the list of such claimants.  Except for the claims belonging to the Miami-Dade Water and Sewer Department and Victoria Orlova, the claims listed above represent the remaining claimants that Jade Winds and the undersigned counsel have been unable to reach.[1]

---

[1] Jade Winds has communicated with the Miami-Dade Water and Sewer Department and the Plan Administrator has re-issued a check to that claimant for $63,260.95.  Jade Winds will shortly be communicating claimant Victoria Orlova's address to the Plan Administrator to have the Plan Administrator re-issue a check to that claimant for $2,064.66.

{1982/000/00472954}    7

8. Pursuant to Section 5.05 of the Plan [ECF No. 598], the Plan Administrator shall be discharged once all payments set forth in the Plan have been satisfied. Pursuant to Section 5.12 of the Plan, funds remaining unclaimed six months after distribution shall be forfeited and returned to Jade Winds.

9. As set forth above, other than the Unclaimed Funds totaling $105,770.50, all distributions required under the requested early payoff of the Plan have been made.[2] While Jade Winds is technically entitled to a return of **all** of the Unclaimed Funds, in order to prevent potential litigation in the future, Jade Winds wishes to give the aforementioned claimants one final notice and chance to receive their respective portions of the Unclaimed Funds.

10. Furthermore, the Plan Administrator is entitled to a final payment equal to 3% of any final distribution on account of any Class 15 allowed claim. In this instance, the recent $66,000 payment to First Service, along with the $63,260.95 in Unclaimed Funds attributable to Miami-Dade Water and Sewer Department, qualify under this compensation scheme.

11. Accordingly, Jade Winds requests that the Court schedule a hearing on the instant motion, and after such hearing, enter an order: (a) awarding to the Plan Administrator, to the extent such funds are available, $3,877.83 (($66,000 + 63,260.95) x 3%) in final compensation, and authorizing the Plan Administrator to deduct this amount from the Unclaimed Funds he is holding; (b) authorizing the Plan Administrator to disburse the net remaining Unclaimed Funds to Jade Winds to the extent that the respective holders of claims to such funds have not contacted Jade Winds or the Plan Administrator prior to the entry of such order; (c) discharging Jade Winds and the Plan Administrator from any further liability to the holders of claims to the

---

[2] There exist three late-filed secured tax lien claims that were filed in February 2019 (POC Nos. 42, 43, and 44) that Jade Winds is currently attempting to resolve.

Unclaimed Funds; and (d) discharging the Plan Administrator from all further responsibility in this case.

**WHEREFORE**, Jade Winds respectfully requests that the Court schedule a hearing on this Motion and thereafter enter an order: (a) awarding to the Plan Administrator, to the extent such funds are available, $3,877.83; (b) authorizing the Plan Administrator to disburse the net remaining Unclaimed Funds to Jade Winds to the extent that the holders of respective claims to such funds have not contacted Jade Winds or the Plan Administrator prior to the entry of such order; (c) discharging Jade Winds and the Plan Administrator from any further liability to the holders of claims to the Unclaimed Funds; and (d) discharging the Plan Administrator from all further responsibility in this case.

                Respectfully Submitted:

                **SHRAIBERG, LANDAU & PAGE, P.A.**
                Attorneys for the Reorganized Debtor
                2385 NW Executive Center Drive, #300
                Boca Raton, Florida 33431
                Telephone: 561-443-0800
                Facsimile: 561-998-0047

By:   */s/ Eric Pendergraft*
                Eric Pendergraft
                Florida Bar No. 91927
                ependergraft@slp.law

**ATTORNEY CERTIFICATION**

  **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on July 15, 2019.

                   */s/ Eric Pendergraft*